# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40303

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2020

Lyle W. Cayce
Clerk

JASON WAYNE FRIZZELL,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-26

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jason Wayne Frizzell, Texas prisoner # 1915199, was convicted of injury to a child and received a 20-year sentence. He now seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging this conviction. To obtain a COA, Frizzell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483 (2000). In order to satisfy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40303

this standard, he must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his COA brief, Frizzell argues that the trial court's refusal to grant him pretrial access to legal research or to provide him with an investigator, despite his waiver of his right to counsel, violated due process. He also contends that the evidence was insufficient to support his conviction. Frizzell maintains that the federal district court should have ordered discovery so that the respondent would have to provide trial exhibits that were not included in the state record and which would have called into question witness credibility. He has not made the requisite showing for the issuance of a COA. *See id.*

In addition, Frizzell lists as an issue in his COA motion that the district court erred in denying his § 2254 petition without first holding an evidentiary hearing. He does not need a COA to challenge the denial of a motion for an evidentiary hearing, and we construe his motion as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234-35 (5th Cir. 2016). However, his failure to brief the issue renders it abandoned. *See United States v. Scroggins*, 599 F.3d 433, 446-47; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, we affirm the district court's denial of Frizzell's motion for an evidentiary hearing.

COA DENIED; AFFIRMED.